United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS LOVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-15-0294 |
| | § | |
| JONI WHITE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state prisoner at the time of filing,[1] filed this *pro se* section 1983 lawsuit against defendant Joni White, the Assistant Director for Classifications and Records, Texas Department of Criminal Justice ("TDCJ"). Defendant filed a motion for summary judgment (Docket Entry No. 25), to which plaintiff filed a response (Docket Entry No. 26).

Having considered the motion and response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit, as follows.

**I. BACKGROUND AND CLAIMS**

Plaintiff brings this section 1983 lawsuit against Joni White, Assistant Director of Classifications and Records for the Texas Department of Criminal Justice, in her official and individual capacity.

---

[1] Plaintiff notified the Court that he was released on mandatory supervision/parole on April 4, 2016. (Docket Entry No. 27.)

Public court records show that an indictment was filed against plaintiff on September 10, 1990, in Cause No. 574740 in the 178th Judicial District Court, Harris County, Texas, for burglary of a habitation with intent to commit sexual assault. The indictment contained three counts, for burglary of a habitation with intent to commit sexual assault, burglary of a habitation, and burglary of a habitation to commit aggravated assault. Plaintiff pleaded guilty on February 6, 1991, to burglary of a habitation with intent to commit theft as enhanced, in exchange for a thirty year sentence and abandonment of the first and third counts of the indictment.

On February 12, 1991, the Harris County District Attorney's Office prepared an offense report for TDCJ and the Texas Board of Pardons and Paroles regarding plaintiff's criminal incident, in which the prosecutor wrote: "Defendant and co-defendant broke into complainant's home and repeated [sic] struck complainant with a screwdriver in the head and inner thigh. A finger print was foud [sic] on a piece of plastic left in complainant's home and complainant identified this defendant in photospread."

On April 25, 1991, plaintiff's TDCJ Social and Criminal History was drafted, in which the present offense summary section noted that plaintiff claimed "the victim was sexually assaulted by [his codefendant] and [an accomplice]. He reports that the victim was sodomized with the screwdriver and left in serious condition. [Plaintiff] claims that he was merely an onlooker."

On July 8, 2013, plaintiff filed two section 1983 lawsuits against prison officials, alleging that his constitutional rights to procedural due process were violated when prison

2

officials, relying on the summary information contained in plaintiff's parole and prison files, allegedly categorized him as a sex offender and denied him parole. Both lawsuits were dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e). As part of their defenses, the prison officials submitted an affidavit by defendant White; this affidavit forms the basis of plaintiff's lawsuit and claims in the instant case. In her affidavit, defendant explained that in reviewing plaintiff's classification records, she noted that his committee card, also known as a travel card, erroneously stated he had sexually assaulted the victim in Cause No. 574570. Defendant stated in her affidavit that she would identify all instances in plaintiff's classification file where the error occurred and take steps to correct it. In doing so, she issued an inter-office communication ("IOC") regarding plaintiff's record corrections.

In the instant lawsuit, plaintiff complains that defendant did not follow through on her IOC "agreement" to correct his prison records, as he continues to be classified as a sexual offender. Plaintiff claims here that defendant (1) violated his constitutional right to procedural due process, (2) committed the criminal acts of aggravated perjury and tampering with a governmental record; and (3) engaged in a conspiracy to punish him for crimes he did not commit. He requests declaratory, injunctive and monetary relief.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754–55 (5th Cir. 2000).

### III. ANALYSIS

A. <u>Sex Offender Notice</u>

Plaintiff claims that defendant denied him due process in that TDCJ classified him as a "sex offender" for purposes of parole conditions, but failed to provide him the required notice under *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004). This claim fails, as plaintiff presents no probative summary judgment evidence that he was classified as a sex offender for purposes of imposition of parole conditions under *Coleman*. To the contrary, defendant testifies in her affidavit in support of summary judgment as follows:

> My name is Joni White. I am over 18 years of age and fully competent to make this affidavit. I have personal knowledge of the facts contained herein, and they are all true and correct. I have been employed by the TDCJ since September 1, 1991. I am currently employed as Director of Classification and Records, Correctional Institutions Division (CID) of the [TDCJ] in Huntsville, Texas. I have held this position since April 15, 2008. Prior to this position, I was employed as Chairman of the State Classification Committee.

4

> I understand that Plaintiff has filed a lawsuit alleging that he has been wrongfully designated as a sex offender and that there is erroneous information in his prison file leading to this designation. I have examined Plaintiff's classification records and the grievances relevant to this lawsuit. The three grievances which Plaintiff filed relevant to this lawsuit are set forth in a chart attached to this affidavit.
>
> The answers to these grievances [state] that he is classified as a sex offender in accordance with AD 04.09, Sex Offender Identification Criteria, Paragraph 1.B. AD 04.09 states that TDCJ shall identify an offender as a sex offender if an element of sexual behavior is identified and the offender has a current or prior conviction for a non-sexual offense with a sexual element. *The response to the grievance is incorrect.* I have examined Plaintiff's CSSX18 screen which has a field indicating whether or not the Plaintiff is a "4.09" offender, and that field says "N" for No. Therefore, *TDCJ does not identify Plaintiff as a sex offender in accordance with AD 04.09.*
>
> In addition I have examined Plaintiff's classification file and determined that there is an error in his committee card, which is sometimes referred to as a "travel card" because a duplicate goes to the unit of the offender's assignment. The committee card states as follows: "The victim was SEXUALLY assaulted by the [plaintiff] and codefendants which included the victim being sodomized with a screwdriver causing serious injury." Other documents in the file indicate that the Plaintiff did not assault the victim with a screwdriver. I will identify all instances in the file where this error occurs and correct it so that there is no information in the file that the Plaintiff sexually assaulted the victim.

(Docket Entry No. 25, Exhibit B, emphasis added.) Included with defendant's affidavit is a copy of the IOC she authored, notifying recipients of corrections being made to plaintiff's records to reflect that he was involved in the burglary and an assault of the victim, but not in the sexual assault. Defendant instructed the recipients to attach the IOC to plaintiff's various prison and parole records, including his travel card, to clarify that plaintiff had not sexually assaulted the victim.

Exhibits submitted by both parties show that plaintiff was not classified as a sex offender for purposes of parole or mandatory supervised release, and that sex offender conditions of parole were not imposed upon him. Although parole officials did at some point consider imposing such conditions, the conditions were never actually imposed. Absent any proof that defendant classified him as a sex offender or imposed sex offender conditions upon his release, plaintiff cannot prevail on his claim that defendant misidentified or incorrectly classified him as a sex offender. Nor can he prevail on his claim that he was denied notice prior to imposition of sex offender parole conditions under *Coleman*, as he fails to show such conditions were actually imposed. Defendant is entitled to summary judgment dismissal of these claims.

B. Criminal Acts

Plaintiff claims that defendant is guilty of criminal acts of aggravated perjury and tampering with governmental records. According to plaintiff, defendant unilaterally "amended" his criminal judgment and plea agreement twenty-three years after his conviction to add an aggravated assault offense.

There is no evidence in the record that defendant amended plaintiff's criminal judgment or plea agreement to state a new offense. Even assuming plaintiff were to present probative evidence to support this claim, he cannot impose criminal liability on defendant through this section 1983 lawsuit. The Texas Penal Code does not provide a private cause of action. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ

6

denied); *see also Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 164114 (S.D. Tex. Jan. 14, 2016).

Defendant is entitled to summary judgment dismissal of these claims.

C. <u>Conspiracy</u>

In his complaint, plaintiff claims that defendant conspired with Harris County prosecutor Kelly Siegler to punish him for criminal offenses beyond his actual convictions. In his response to the motion for summary judgment, plaintiff expands his conspiracy claim to include federal judges in the Eastern and Western Districts of Texas and two state prosecutors as additional co-conspirators. "The elements of civil conspiracy are (1) an actual violation of a right protected under section 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). A plaintiff must show that the defendants agreed to commit an illegal act by identifying the illegal objective of the agreement supported with facts rather than conclusory allegations. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir.1999). A plaintiff's "mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (internal quotation marks and citation omitted).

Plaintiff presents no probative summary judgment evidence in support of his claim, and his personal beliefs, speculation, and opinions are insufficient to establish a civil conspiracy. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

7

Defendant is entitled to summary judgment dismissal of plaintiff's conspiracy claims.

D.   Incorrect Information

Plaintiff argues that defendant's IOC states that he assaulted the victim (non-sexually) with a screwdriver by striking her with it. He argues that his criminal judgment and plea agreement make no mention of his assaulting the victim, and that defendant violated his constitutional rights by adding this "new criminal offense" to his prison, classification, and parole records.

In her IOC dated March 28, 2014, defendant notified TDCJ recipients of the following:

> File material and computer records for offender Love, Carlos #582511 have been reviewed for accuracy and consistency and the following information related to his current offense of Burglary of a Habitation with Intent to Commit Theft (Cause #574750) is true and accurate.
>
>> The current offense of Burglary of a Habitation with Intent to Commit Theft involves [plaintiff] during the nighttime hours of 07/16/1990 in Houston, Texas committing the present offense. [Plaintiff] and codefendant Cecil Mackey (Life) and accomplice George Strange (no arrest) entered the residence of [the victim], a 70 year old elderly female, by kicking in the front door. Once inside the residence, *[plaintiff] and codefendant struck her in the head and thighs with a screwdriver*, resulting in serious injuries. [Plaintiff] and codefendant stole $9 from the victim's purse, two guns and a TV and fled in the victim's vehicle. *[Plaintiff] beat the victim in the head and inner thigh with the screwdriver* and claims the codefendant and accomplice sodomized her with the screwdriver. [Plaintiff] was originally indicted for Burglary of a Habitation with Intent to Commit Sexual Assault and Theft but plead guilty to Burglary of a Habitation with Intent to Commit Theft.

8

>This document should be attached to correct inconsistencies in his records.

(Docket Entry No. 25, Exhibit B, emphases added).

Plaintiff complains that defendant violated his constitutional rights by including the italicized information – "[plaintiff] and codefendant struck her in the head and thighs with a screwdriver" and "[Plaintiff] beat the victim in the head and inner thigh with the screwdriver" – because he was not convicted of assaulting the victim. He states that he pleaded guilty to burglary of a habitation with intent to commit theft, but not to physical assault. Plaintiff argues that defendant took steps to remove from his prison and parole records any indication that he *sexually* assaulted the victim, but added new information incorrectly indicating that he *physically* assaulted the victim.

Plaintiff's factual assertions are incorrect and are refuted by the records. In this case and in his earlier legal proceedings, plaintiff acknowledged that the original source for this "misinformation" regarding a physical assault was the criminal offense report prepared by prosecutor Kelly Siegler in 1991. (Docket Entry No. 26, p. 16, Exhibit 16.) Indeed, plaintiff filed repetitive unsuccessful litigation against Siegler and others seeking damages and related relief for these very same alleged misrepresentations. *See Love v. Jenkins*, C.A. No. 13-cv-0568-LY (W.D. Tex.); *Love v. Owens*, C.A. No. 13-cv-0574-LY (W.D. Tex.); *Love v. Siegler*, C.A. No. 14-cv-03583 (S.D. Tex.); *Love v. Siegler*, C.A. No. 14-cv-03708 (S.D. Tex.); *Love v. White*, C.A. No. 15-cv-0390 (S.D. Tex). Plaintiff's appeals of these adverse

9

rulings were affirmed by the Fifth Circuit Court of Appeals, and the Fifth Circuit imposed the "three strikes" bar on plaintiff on December 21, 2015, after this lawsuit was filed.

Exhibits and claims appearing in these prior lawsuits show that as early as 2009 plaintiff's prison, classification, and/or parole records reported that plaintiff broke into the elderly victim's house, "confronted the victim in the hallway and assaulted her with a screwdriver." *See Love v. Owens*, C.A. No. 13-cv-0574-LY (W.D. Tex.), Docket Entry No. 86, p. 14. Plaintiff makes no allegation, and does not show, that defendant herself was responsible for these 2009 report statements. Because these "misrepresentations" were appearing in plaintiff's prison records in 2009, plaintiff is factually incorrect in claiming that it was defendant who added them to his prison and parole records by virtue of her 2014 IOC. Plaintiff is further factually incorrect in arguing that the IOC stated that he was convicted of aggravated assault with a deadly weapon; the document makes no such assertion. The events involved in the underlying criminal offense remain matters of record in plaintiff's criminal file, even if he agreed to plead guilty to only one aspect of the charged offense. The exhibits clearly show that plaintiff's Harris County criminal records and reports have contained information regarding his involvement in the physical assault since 1991, and that defendant did not unilaterally fabricate and add the information to plaintiff's prison, parole and/or classification records in 2014.

Defendant is entitled to summary judgment dismissal of these claims.

E.  Qualified Immunity

Defendant asserts her entitlement to qualified immunity with regard to plaintiff's federal claims for monetary relief brought against her in her individual capacity.

The doctrine of qualified immunity affords protection to state officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Immunity in this sense means immunity from suit, not merely from liability. *Jackson v. City of Beaumont*, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." *DePree v. Saunders*, 588 F.3d 282, 288 (5th Cir. 2009). Government employees are presumptively entitled to the defense of qualified immunity and, once the defense is asserted, the burden shifts to the plaintiff to show that it does not bar his recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

To rebut the qualified immunity defense, a plaintiff must show (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008). Even though a state official may have erred, she is still entitled to qualified immunity if it can be shown that her actions were reasonable, albeit mistaken. *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993). The protection of qualified immunity applies regardless of whether the government

official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). To negate a defense of qualified immunity and avoid summary judgment, a plaintiff need not present "absolute proof," but must offer more than "mere allegations." *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991).

The question of whether an institutional right is "clearly established" turns on "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Mace v. City of Palestine*, 333 F.3d 621, 623-24 (5th Cir. 2003). The Supreme Court has explained, "[t]he contours of that right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

As discussed above, plaintiff's claim against defendant for failing to provide him notice under *Coleman* fails, as sex offender parole conditions were not imposed upon him. No probative summary judgment evidence demonstrates that defendant violated the procedural due process rights afforded plaintiff under *Coleman*.

Moreover, there is no free-standing federal constitutional guarantee that a Texas prisoner has the right to correct inaccurate information in his parole file or have parole consideration based only on accurate information. *Johnson v. Rodriguez*, 110 F.3d 299, 307

n. 12, 308 (5th Cir. 1997). Texas prisoners have no liberty interest in being released to parole. *See Toney v. Owens*, 779 F.3d 330, 341–42 (5th Cir. 2015) (stating that the court has consistently held that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural due process grounds); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.") Nor does plaintiff present probative evidence that he was denied mandatory supervised release due to the purportedly incorrect physical assault information contained in defendant's 2014 IOC.

In short, the parties' exhibits show that the information set forth by defendant in her IOC was background information regarding plaintiff's offense that had been in his Harris County criminal records since 1991 and in his prison-related records since at least 2009. Defendant's 2014 IOC did not represent that plaintiff had been convicted of assaulting the victim, and the terms of his 1991 judgment and plea agreement have not been changed in that regard.

Plaintiff fails to show that defendant's actions violated an existing constitutional protection or were unreasonable, and defendant is entitled to qualified immunity. *See Harlow*, 457 U.S. at 818. Plaintiff's claims for damages against defendant in her individual capacity are barred by qualified immunity and must be summarily dismissed. *See Orellana v. Kyle*, 65 F.3d 29, 33 (5th Cir. 1995).

…

F.   <u>Eleventh Amendment Immunity</u>

To the extent plaintiff seeks monetary damages against defendant in her official capacity, his claims are barred by immunity under the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't Of State Police*, 491 U.S. 58, 71 (1989). *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("We have twice held that the Eleventh Amendment bars recovering money damages from TDCJ officers in their official capacity.").

Plaintiff's claims for monetary damages against defendant in her official capacity is barred by the Eleventh Amendment, and defendant is entitled to summary judgment dismissal of this claim.

## IV. CONCLUSION

Defendant's motion for summary judgment (Docket Entry No. 25) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on SEP 1 4 2016.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE